UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TASHICA P.,[1]

                                            Plaintiff,           Case # 24-CV-228-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                           Defendant.

## INTRODUCTION

Plaintiff Tashica P. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 10. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In March 2021, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 76, 110. She alleged disability since March 2020 due to stroke, high blood pressure, and high cholesterol. Tr. 29, 76, 110. In December 2022, Administrative Law Judge

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

Matthew Levin ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 29-41. In January 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 2020, her alleged onset date. Tr. 31-32. At step two, the ALJ found that Plaintiff had a severe impairment of "status post stroke." Tr. 32. At step three, the ALJ found that this impairment did not meet or medically equal any Listings impairment. Tr. 35-36.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of sedentary work. Tr. 36. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 39. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 39-40. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 41.

### II. Analysis

Plaintiff asserts that remand is warranted because the ALJ erroneously evaluated the medical opinion of consultative examiner Hongbiao Liu, M.D. *See generally* ECF No. 7-1. The Court disagrees.

By way of background, in March 2020, Plaintiff was treated at a hospital for stroke symptoms. Tr. 338. Plaintiff alleges that, thereafter, she suffered from a variety of disabling limitations. Tr. 53. Among other things, she alleged that she suffered from frequent headaches, reduced vision, standing limitations, and difficulty walking. *Id.*

In July 2021, Plaintiff met with Dr. Liu for a consultative internal-medicine examination. Tr. 477. Dr. Liu diagnosed Plaintiff with, *inter alia*, a history of "stroke with left-sided leg weakness and whole-body pain." Tr. 480. He opined that Plaintiff was mildly to moderately

4

limited in her abilities of "prolonged walking, bending, kneeling, squatting, stair climbing, carrying heavy weights, prolonged sitting, and standing." *Id.*

The ALJ found Dr. Liu's opinion unpersuasive, noting that Dr. Liu used "vague" terms like "moderate" and that his identified limitations were inconsistent with the record evidence. Tr. 38. Instead, the ALJ concluded that Plaintiff could perform sedentary work, except that she could occasionally perform postural maneuvers and would need to avoid "narrow, slippery, or erratic moving surfaces," ladders, ropes, and scaffolds. Tr. 36.

Plaintiff identifies five alleged errors, none of which the Court finds persuasive.

First, Plaintiff asserts that the ALJ had an obligation to recontact Dr. Liu for clarification upon finding his opinion vague. *See* ECF No. 7-1 at 11-12. No such duty exists, however. *See, e.g.*, *Annette A. v. Comm'r of Soc. Sec.*, No. 23-CV-6087, 2024 WL 2956906, at *4 (W.D.N.Y. June 12, 2024) ("The mere fact that one of the medical opinions is vague does not, by itself, create a gap in the administrative record that the ALJ is required to develop."); *Darci H. v. Comm'r of Soc. Sec.*, No. 21-CV-877, 2024 WL 1721333, at *5 (W.D.N.Y. Apr. 22, 2024).

Second, Plaintiff contends that the ALJ should not have "rejected" Dr. Liu's opinion simply because he used the terms "mild" and "moderate," since such terms can convey useful information about a claimant where the consultative examiner "conducts a thorough examination and explains the basis for the opinion." ECF No. 7-1 at 11. As a general matter, the Court concurs with Plaintiff's observation that terms like "mild" and "moderate" are not inherently meaningless and can be relied upon as relevant "data points" for an ALJ to consider. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022); *see also Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order). But it is also true that an ALJ may, as one factor among many, permissibly find an opinion set forth in clear, functional terms more persuasive than an opinion that relies on more

5

general language. *Cf.* 20 C.F.R. § 404.1520c(c)(5) (stating that an ALJ will assess an opinion based on, *inter alia*, the source's "understanding of [SSA's] policies and evidentiary requirements"). Consequently, the ALJ did not err as a matter of law by concluding that Dr. Liu's imprecision made his opinion less persuasive in comparison to, for example, the highly detailed and granular functional assessments proffered by the state-agency consultants. *Compare* Tr. 101-03, 121-25, *with* Tr. 480.

Third, Plaintiff argues that the ALJ wholly failed to discuss the "supportability" factor with respect to Dr. Liu's opinion. ECF No. 7-1 at 12. Under 20 C.F.R. § 416.920c(b)(2), the most important factors that an ALJ must consider in determining the persuasive value of a medical opinion are "supportability" and "consistency." The former pertains to the degree to which the medical source supports her opinion with "objective medical evidence and supporting explanations," while the latter pertains to the degree to which the opinion is consistent with "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(1), (2). An ALJ's failure to explain the supportability and consistency of a medical opinion in his decision constitutes a procedural error. *See id.* § 416.920c(b)(2); *Loucks*, 2022 WL 2189293, at *2.

However, if a searching review of the record assures the court that "the substance of the regulation was not traversed," a court may affirm the Commissioner's decision despite the error. *Loucks*, 2022 WL 2189293, at *2. Thus, even if an ALJ fails to explicitly evaluate the consistency and supportability factors with respect to a particular medical opinion, remand is warranted only if the reviewing court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). By contrast, if the reviewing court can "adequately 'glean' how the ALJ [implicitly] weighed the consistency and supportability

6

factors," remand is not justified because the procedural error is considered harmless. *Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-384, 2023 WL 5361000, at *5 (W.D.N.Y. Aug. 22, 2023).

Here, the Court can adequately glean the manner in which the ALJ considered the supportability factor. The ALJ summarized Dr. Liu's examination findings, Tr. 37, and acknowledged that those findings arguably supported some restriction. But, the ALJ noted, Plaintiff's subsequent records showed functional improvement that rendered Dr. Liu's opinion less persuasive. *See* Tr. 38-39. In short, the ALJ appears to have recognized that Dr. Liu's opinion was arguably supported by "objective medical evidence" at the time it was issued, 20 C.F.R. § 1520c(c)(1), but ultimately found it "not persuasive" in light of its inconsistency with the "later medical evidence." Tr. 38; *see also, e.g.*, *Cyndi B. v. Comm'r of Soc. Sec.*, No. 20-CV-6654, 2022 WL 856781, at *3 (W.D.N.Y. Mar. 23, 2022) (discussing staleness of medical opinions). Accordingly, the Court cannot find any substantive error in the ALJ's handling of the supportability factor that would warrant remand.

Fourth, Plaintiff argues, in a similar vein, that the ALJ failed to sufficiently discuss the "consistency" factor. ECF No. 7-1 at 13-15. Again, because the Court can adequately glean the ALJ's rationale for finding Dr. Liu's opinion inconsistent with the record as a whole, remand is not warranted. *See Loucks*, 2022 WL 2189293, at *2. It is evident from the written decision that the ALJ believed that, from 2021 to 2022, Plaintiff's exertional abilities improved, such that the restrictions identified by Dr. Liu were not justified. *See* Tr. 36-38. For example, the ALJ contrasted Plaintiff's limping gait and left-leg weakness at the July 2021 consultative examination with later records showing normal gait. *See* Tr. 38, 39. Accordingly, the Court cannot agree that the ALJ's discussion of the consistency factor was so cursory as to warrant remand.

Fifth and finally, Plaintiff contends that the record does not support the ALJ's conclusion of exertional improvement. *See* ECF No. 7-1 at 14-15. The ALJ acknowledged that, after her stroke in March 2020, Plaintiff complained of various functional difficulties. *See, e.g.*, Tr. 467 (reporting limitations in walking, standing, climbing stairs, and reaching overhead after stroke). But he took the view that her condition improved such that she could perform a reduced range of sedentary work. *See* Tr. 36. As support, the ALJ relied on Plaintiff's own statements of improvement, *see, e.g.*, Tr. 467, 488, 494, 499, 560; Plaintiff's reports of daily activities, Tr. 314, 428; and clinical observations and findings, Tr. 483-84, 489-90, 556-57, 561-62, 565-66, 584. *See generally* Tr. 37-39.

Plaintiff asserts that there was evidence to "support greater sitting and standing limitations" consistent with Dr. Liu's examination. ECF No. 7-1 at 14. Yet even if Plaintiff's "preferred inference" from the evidence—continued, disabling exertional limitations after her stroke—"may be plausibly derived from the factual record," under the "substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position." *Daniel J. v. Comm'r of Soc. Sec.*, No. 22-CV-6580-FPG, 2024 WL 242495, at *3 (W.D.N.Y. Jan. 23, 2024). At bottom, the evidence concerning Plaintiff's improvement was conflicting. The ALJ acknowledged that very conflict, *see* Tr. 38, and resolved the conflict in a manner reasonably supported by the record. Accordingly, the ALJ's resolution "must be given conclusive effect," notwithstanding that "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Remand is not warranted on any of the grounds raised by Plaintiff.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 9, 2025
      Rochester, New York

                                                _____
                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York